# In the United States Court of Federal Claims

No. 21-1081C

(Filed: March 19, 2021)

|  |  |
|---|---|
| **WINSTON V. EDMONDS,** | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) |
| *Defendant*. | ) ) ) |

**ORDER**

    On March 15, 2021, Winston V. Edmonds, who is currently incarcerated in Arizona State prison for a criminal conviction under Arizona law, filed a complaint in this court *pro se* alleging that his conviction has been set aside by a Commissioner of the Arizona Superior Court. The plaintiff accordingly seeks damages for a wrongful conviction pursuant to 28 U.S.C. § 2513. His complaint seeks damages of $270 million.

    Along with his complaint, the plaintiff has moved for leave to proceed *in forma pauperis*. Although the Court generally has the authority to authorize a plaintiff to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1), a prisoner is not permitted to proceed *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* § 1915(g).

    The plaintiff has filed in the District of Arizona at least four cases that were dismissed for failure to state a claim. As a result of these four dismissals, earlier this year he was denied the ability to proceed *in forma pauperis* in this court under 28 U.S.C. § 1915(a)(1). *Edmonds v. United States*, No. 20-2080C, 2021 WL 71547 (Fed. Cl. Jan. 7, 2021). In the opinion denying the plaintiff the ability to proceed *in forma pauperis*, Judge Solomson recounted the four Arizona cases dismissed for failure to state a claim. *See id.* at *1.

    Pursuant to 28 U.S.C. § 1915(g), because the plaintiff has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim, and because the plaintiff's instant complaint fails to demonstrate that he is under imminent threat of serious physical injury, the plaintiff would normally be required to pay the $402 filing fee to proceed with this action.

In this case, however, the Court notes that even if the plaintiff were to remit the filing fee, his claim would be futile. As Judge Solomson noted in dismissing the plaintiff's claim in January of this year, *Edmonds*, 2021 WL 71547, at *1, this court is without jurisdiction to consider claims for innocence based on convictions for violations of state laws; rather, this court can only entertain claims for wrongful convictions arising under federal law and predicated on convictions in federal court. *See* 28 U.S.C. § 1495 (providing that this court "shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense *against the United States* and imprisoned.") (emphasis added). As Judge Solomson noted, because the plaintiff was convicted under Arizona law, this court is without jurisdiction to hear his claim.

Accordingly, rather than direct the plaintiff to remit the filing fee, the Court *sua sponte* **DISMISSES** the complaint for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**